## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## MEMPHIS DIVISION

| | | |
|---|---|---|
| **DENISHA GEORGE,** | ) | |
| | ) | Case No.: _____ |
| | ) | |
| | ) | Jury Demand |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **AEROTEK, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

---

### COMPLAINT

---

Plaintiff Denisha George, by and through undersigned counsel of record, files this Complaint against Aerotek, Inc. and states for her causes of action the following:

### PARTIES

1. Plaintiff Denisha George ("Plaintiff") is a resident of Memphis, Shelby County, Tennessee.

2. Aerotek, Inc. ("Defendant" or "Defendant Aerotek") is a for profit corporation organized under the laws of the State of Maryland.  Defendant Aerotek may be served through its registered agent for service of process, Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee  37203.

### JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

4.     The employment practices alleged to be unlawful are committed within the jurisdiction of the United States District Court for the Western District of Tennessee.

5.     The Court has personal jurisdiction over the parties, and venue is proper in this Court.

## FACTS

6.     More than thirty (30) days prior to the institution of this lawsuit, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission alleging violations of Title VII by Defendant.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.     Plaintiff worked for Aerotek at Accredo Health in Memphis, Tennessee from December 20, 2011 until July 12, 2012 as a pharmacy technician.

8.     Plaintiff notified her supervisor, Karena Walker, that she was pregnant on February 2, 2012.

9.     On February 22, 2012, during a meeting with her supervisor, Karena Walker, Plaintiff was notified that there was no maternity leave policy in place and that she did not qualify under the FMLA.  Plaintiff was also told that she would accrue points for every doctor's appointment scheduled during the work day and if she reached a certain number of points – specifically, 17 – she would be terminated for attendance.

10.     Walker suggested to Plaintiff that she resign as a result of the points that had already been accrued as a result of doctor's appointments to avoid being terminated for attendance, which would prevent her from being rehired.

11.     On February 24, 2012, Plaintiff met again with Karena Walker to notify her that she would not resign from her position and would continue to work.  During this meeting, Karena Walker advised Plaintiff that there would not be any accommodations made for her when she took maternity leave to deliver her child and that she would continue to accrue points for being absent to give birth.  However, she would give her two (2) weeks' maternity leave, and she would have to return to work after the two (2) weeks or be terminated for attendance.

12.     On April 24, 2012, Karena Walker stated to Plaintiff again that six (6) weeks of maternity leave would not be accommodated and that she would be terminated for attendance if she didn't voluntarily resign.

13.     On June 25, 2012, Plaintiff presented correspondence from her physician requesting leave for a period of six (6) weeks, beginning July 9, 2012.

14.     On June 25, 2012, Plaintiff also spoke with Trenishia Bell, an Aerotek employee who worked in Human Resources, regarding her maternity leave.  Bell stated to Plaintiff that the six weeks of maternity leave would not be accommodated and that if Plaintiff took six (6) weeks' maternity leave, she would be terminated for attendance.

15.     On July 10, 2012, Plaintiff was given documentation from Aerotek that stated that Plaintiff worked for Aerotek from December 20, 2011 to July 6, 2012.

16.     On July 16, 2012, Plaintiff received a telephone call from Karena Walker inquiring about Plaintiff's whereabouts, even though Plaintiff provided her with a request for maternity leave from Plaintiff's physician on June 25, 2012 – a request that was denied by both Walker and Bell.

## ADMINISTRATIVE PROCEDURE

17.     Plaintiff filed charges of discrimination against Defendant with the Equal Employment Opportunity Commission, Charge No. 490-2012-01810.

18.     Plaintiff thereafter received a Notice of Right to Sue within ninety (90) days from the U.S. Equal Employment Opportunity Commission dated December 10, 2012, which she received three (3) days later on December 13, 2012.

## COUNT I:  VIOLATION OF 42 U.S.C. § 2000e-2(a)(1)

19.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 18 as if fully set forth herein.

20.     The acts and failures to act of Defendant, by and through its agents, servants, and/or employees, constituted an unlawful employment practice insofar as they discriminated against the Plaintiff with respect to the terms and conditions of her employment because of her sex.

21.     Defendant is strictly liable for the acts and failures to act of its supervisory personnel.

22.     The acts and failures to act of Defendant constituted an unlawful employment practice proscribed by 42 U.S.C. § 2000e-02(a)(1).

## COUNT II:  VIOLATION OF 42 U.S.C. § 2000e-2(a)(2)

23.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 22 as if fully set forth herein.

24.     The acts and failures to act of Defendant, by and through its agents, servants, and/or employees, constituted an unlawful employment practice insofar as they tended to limit,

segregate and classify Plaintiff in such a way as to deprive Plaintiff or employment opportunities or otherwise affect her status as an employee because of her sex.

25.     Defendant is strictly liable for the acts and failures to act of its supervisory personnel.

26.     The acts and failures to act of Defendant constituted unlawful employment proscribed by 42 U.S.C. § 200e-2(a)(2).

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully requests that the Court enter a judgment in favor of Plaintiff and against Defendant Aerotek as follows:

(a)     compensatory damages in an amount to be determined at trial;

(b)     pre- and post-judgment interested as permitted by law;

(c)     all attorneys' fees and costs incurred herein as permitted under federal and Tennessee law; and

(d)     all other such relief as this Court may find just and equitable.

Plaintiff demands a jury to hear and decide this action.

Respectfully submitted,

THE COCHRAN FIRM

By:____/s/ Ursula Y. Holmes_____
        Ursula Y. Holmes (BPR#18040)
        One Commerce Square, Suite 1700
        Memphis, TN  38103
        (901) 523-1222
        (901) 523-1999 *facsimile*
        uholmes@cochranfirm.com